**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

LUIS JIMENEZ-CALVO, a.k.a. Roberto Moreno-Garcia, a.k.a. Gustavo Moreno-Martinez, a.k.a. Israel Moreno-Torres,

        Defendant - Appellant.

Nos. 13-10062
     13-10296

D.C. Nos. 2:10-cr-00278-HDM
         2:12-cr-00412-LDG

MEMORANDUM[*]

Appeals from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding
Lloyd D. George, District Judge, Presiding

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

     In these consolidated appeals, Luis Jimenez-Calvo appeals from the 30-

month sentence imposed following his guilty-plea conviction for being a deported

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326; and the consecutive 18-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jimenez-Calvo contends that the aggregate sentence is substantively unreasonable because the district court failed to take proper account of his individual circumstances. He further argues that the sentences should not have been ordered to run consecutively because they are predicated on the same conduct. We disagree. The Guidelines contemplate that revocation sentences are to run consecutively to sentences for new offenses, *see* U.S.S.G. § 7B1.3(f), and the sentences are substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. §§ 3553(a) and 3583(e), including Jimenez-Calvo's multiple prior deportations, his failure to be deterred, and the need for protection of the public. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) (when a defendant violates supervised release by committing same offense for which he was placed on supervised release, the breach of trust is more significant and "greater sanctions may be required to deter future criminal activity").

**AFFIRMED.**

2                                                                    13-10062 & 13-10296